## Monongahela Valley Memorial Park Cemetery Trust

*Barton Z. Cowan*, for accountant.

*Sidney Baker*, for exceptant.

BOYLE, P. J., September 3, 1964.—The principal question raised by the exceptions filed to the account of the resigning trustee is whether the proper venue for the filing and audit of the account is in the Orphans' Court of Washington County, Pennsylvania.

The tract of land which The Monongahela Valley Memorial Park, a Pennsylvania business corporation, (hereinafter referred to as the "Corporation"), subdivides and maintains as a burial ground, is located in Washington County, Pa., near the city of Donora.

The corporation entered into a trust agreement with The First National Bank of McKeesport on December 15, 1953, whereby the bank was to act as trustee of a fund created for the perpetual care and preservation of the burial ground and the repair and renewal of the buildings and property of the Memorial Park. Western Pennsylvania National Bank (hereinafter referred to as the "Bank"), the resigning trustee, is successor to The First National Bank of McKeesport and, as such, is trustee under the trust agreement. The Bank entered upon its duties in 1953 as trustee, administering funds received from the corporation pursuant to the trust agreement.A copy of the trust agreement is attached to the petition for distribution.

On September 28, 1963, Margaret L. Kampo, receiver of the corporation, in accordance with the provisions of the trust agreement, requested that the bank remove

itself as trustee and notified the bank that the Mellon National Bank and Trust Company had been appointed as successor trustee. Pursuant to this request, the bank filed the present account of its administration of the trust in the Orphans' Court of Allegheny County and has petitioned the court to confirm the account and permit distribution of the trust funds to Mellon National Bank and Trust Company as successor trustee.

Mellon National Bank and Trust Company as successor trustee of the perpetual care fund of the corporation filed exceptions to the account averring: (1) That the Orphans' Court of Allegheny County is without jurisdiction and, in the alternative, that the statutory venue for the filing and audit of the account is the Orphans' Court of Washington County under the provisions of the Act of May 5, 1933, P. L. 364, art. II, sec. 209, as amended, 15 PS §2852-209. In paragraphs (2), (3) and (4) of the exceptions it is averred that the resigning trustee received the sum of $50,970.50 between December 7, 1953, and March 24, 1960, to be administered as the perpetual care fund of the cemetery; that there is presently only the sum of $22,954.77 in said fund as shown by the account to have been received up to March 24, 1960; that the sum of $28,015.73 is not accounted for; (5) that the account fails to include earnings and interest on said deficiency of $28,015.73; (6) that the account fails to include earnings and interest on the sum of $25,622.26, the balance for distribution shown by the account.

The Business Corporation Law provides:

"In the case of the incorporation of a cemetery or burial corporation as a business corporation, the articles shall, in addition to the information heretofore required by this article, contain a provision (1) that a sum equal to at least one-tenth of the gross amount of

the funds arising from the sale of lots in the burial ground or cemetery of the corporation shall be set apart for the perpetual care and preservation of the grounds and the repair and renewal of the buildings and property of such corporation; that such sum shall be invested by the board of directors in securities which are legal investments for trustees under the laws of this Commonwealth; and that the income arising therefrom shall be applied by the board of directors to the foregoing purposes; (2) that a permanent lot care fund shall be established prior to the disposal or sale of any burial lots as required by section 209.1; and (3) that a sum equal to at least one-tenth of the gross sales price of each lot sold shall be deposited in the permanent lot care fund; Provided, however, That any such cemetery or burial corporation may, by appropriate action of its stockholders and board of directors *and with the approval of the orphans' court of the county in which the cemetery or burial grounds are situated,* transfer any of such funds to one or more bank and trust companies, trust companies or national banking associations having fiduciary powers, as trustee, and with like investment restrictions, said transfer to be either revocable, or absolute and irrevocable, and upon the transfer of any such funds, the cemetery or burial corporation shall be relieved of all liability for the investment and reinvestment thereof. The corporate trustee shall pay, semiannually, the net income from the said funds to the cemetery or burial corporation for the purposes above expressed, *and shall file accounts in the orphans' court of the county in which the cemetery grounds are situated, which accounts shall be filed triennially and at such other times as the said court may direct and which accounts shall be audited, adjudicated and confirmed by said court, upon such notice to the parties in interest as the said court may determine.* 1933, May 5, P. L. 364, art. II, sec. 209; 1951, June 12, P. L. (1952) 519,

sec. 1; 1951, Jan. 19, P. L. (1952) 2167, sec. 1; 1957, July 11, P. L. 711, sec. 1." 15 PS §2852-209 (Italics supplied.)

Section 306 of the Orphans' Court Act of August 10, 1951, P. L. 1163, provides:

"When a Pennsylvania orphans' court has jurisdiction of any trust, testamentary or inter vivos, *except as otherwise provided by law*, the venue for all purposes shall be in the county where at the time being is the situs of the trust . . ." (Italics supplied.)

It is conceded that the Orphans' Court of Allegheny County has jurisdiction of the trust. Venue and not jurisdiction is the question here involved. The resigning trustee has filed an able brief. The auditing judge would accept the arguments therein as valid were it not for the fact that a *cemetery trust* subject to the provisions of the Business Corporation Law is here involved. The trust estate now before the court is within the exception provided in section 306 of the Orphans' Court Act of 1951. The true parties in interest are the persons and families who have purchased burial lots in this cemetery. Many of these lot owners would be persons who reside in Washington County where the cemetery is located. When the account is filed in Washington County, it will be advertised there. The lot owners will receive notice of the filing of the account and the audit and may be heard if they so desire. Although the successor trustee has filed objections to the account on the merits, it may not waive the right of the real parties in interest to notice of the filing of the account and their opportunity to be heard in the orphans' court where the cemetery is located, viz., Washington County. The above-quoted provisions of the Business Corporation Law as to the venue for filing and audit of the account are intended to protect the rights of the burial lot owners in the perpetual care

trust. The auditing judge believes that the Business Corporation Law is mandatory on this point and that the venue is exclusively in Washington County. See McGinley v. Scott, 401 Pa. 310, 315-318. . . .